FILED

2015 Jan-23  AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD WOODS,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.:  1:14-cv-8046-JHH** |
| | } | **Criminal No.: 1:97-cr-159-JHH-** |
| **UNITED STATES OF AMERICA,** | } | **TMP** |
| | } | |
| **Respondent.** | } | |
| | } | |
| | } | |

## MEMORANDUM OPINION

The court has before it Reginald Woods' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1), filed on August 11, 2014 and Amended Petition (Docs. #4, 5) filed on August 22, 2014. Pursuant to the court's orders of August 26, 2014 (Doc. #6) and September 25, 2014 (Doc. #9), the United States Government filed a Response (Doc. #10) to Woods' Section 2255 Motion on October 3, 2014. In its response, the Government seeks to have the Motion to Vacate (Doc. #1) dismissed in its entirety. Petitioner filed a Reply to the Government's Response to his Petition (Doc. #12) on October 30, 2014.

Petitioner Woods' Amended Motion to Vacate (Doc. #4) seeks relief on the ground that he is being illegally incarcerated on four counts of "aiding and abetting"

a § 924(c) offense. (Doc. #1, ¶ 5). Woods submits that his convictions should be vacated and a new trial granted because, under *Rosemond v. United States*, 134 S. Ct. 1240 (2014), he was convicted of a "nonexistent crime" and is actually innocent. (Doc. #1, ¶ 13).

## I.   Background

On May 29, 1997, a federal grand jury returned a ten count indictment against Reginald Woods on: carjacking (18 U.S.C. § 2119); four counts of armed bank robbery (18 U.S.C. § 2113 (a) and (d)); and four counts of using/carrying a firearm during a crime of violence (18 U.S.C. § 924 (c)). (*See* Doc. #1 in Case No.: 1:97-cr-159-JHH-TMP). Woods was convicted by a jury on all counts, and was sentenced to 960 months.

Woods appealed to the Eleventh Circuit. His conviction was affirmed, and the Supreme Court denied a petition for certiorari.

In 2006, Woods filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in which he challenged his custody as being unlawful and in violation of his constitutional rights. That petition was dismissed.

In 2012, Woods filed a new petition under § 2241, alleging that the "stacking" provision of 18 U.S.C. § 924(c) had become unconstitutional due to the "evolving standards of decency" as well as actual changes in operating procedures and how §

2

924(c) "stacking" is implemented.  The District Court denied Woods' petition after adopting the Magistrate Judge's Report and Recommendation.  In so doing, the court ruled that Woods should have pursued his claim under § 2255, and that because he did not meet the requirements of § 2255(e) -- the savings clause -- relief under § 2241 was barred.  (*Woods v. Rathman*, 1:12cv2855-RDP-RRA, Report and Recommendation).

On August 7, 2014, Woods filed the pending motion.  Woods remains in custody at this time.

## II.    Discussion

Woods' petition is timely *only* under 28 U.S.C. § 2255(f)(3),[1] which states that the statute of limitations runs "from the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The right on which Woods relies is the rule of law announced in *Rosemond v. United States*, 134 S. Ct. 1240 (2014).  (Doc. #1 at 14).  *Rosemond* was decided on March 5, 2014.  Since Woods filed this Petition on August 11, 2014, his claim is timely under § 2255(f)(3).

---

[1] To the extent Woods' Petition may be argued to rely on some other avenue for relief, it is clearly untimely.  *See* 28 U.S.C. § 2255(f)(1), (f)(2), and (f)(4).

The question presented by the *Rosemond* case was: what does the Government have to prove to convict someone of aiding and abetting under 924(c) (use of a firearm in a crime of violence or drug trafficking)?  The Supreme Court ruled that in order to aid and abet a crime, one must intend that the crime be committed and "knowingly and actively" participate in the use of the gun.  As such, the ruling affects *only* those defendants who are charged with aiding and abetting a violation of 924(c). If a defendant is charged with and convicted of a 924(c) violation -- not an aiding and abetting one, but actually having the gun in the commission of the crime -- then this ruling is not applicable.

The Indictment charged Woods with four counts of violating 18 U.S.C. § 924(c)(1).  In the first three counts charging such violation, Woods was charged with "knowingly us[ing] and carry[ing] a firearm, that is, a pump-action shotgun." (Counts 3, 5, 7).  In the fourth 924(c) count, Woods was charged with "knowingly us[ing] and carry[ing] a firearm, that is a .38 caliber revolver." (Count 10).  He was *not* charged with aiding and abetting but instead was charged as a principal.  In fact, during the trial, the Government presented a volume of testimony that every time Woods robbed a bank he carried a firearm of some type, whether a shotgun or a pistol.[2]  (Doc. #10

---

[2] To the extent Woods challenges the sufficiency of the evidence against him as a "principal," such a claim is not cognizable under § 2255.  Questions of credibility are for the jury, and the court assumes the jury answered them in a way that supports its verdict. *See Craig v. Singletary*, 127 F.3d 1030, 1044-45 (11th Cir. 1997).

4

at 8-9).  Therefore, the *Rosemond* case is clearly inapplicable to Woods' case, and the Petition is due to be denied.

## III.    Conclusion

For the foregoing reasons, the Motion (Doc. #1) to Vacate is due to be denied. A separate order will be entered dismissing this action with prejudice. The Clerk is **DIRECTED** to mail a copy of this order to the Petitioner and the United States Attorney for the Northern District of Alabama.

**DONE** this the   23rd    day of January, 2015.

_____

SENIOR UNITED STATES DISTRICT JUDGE

5